UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ODILLIA MUTAKA MWAMI, *et al.*,
    Plaintiffs,

    v.

THE UNITED STATES OF AMERICA,
OSAMA BIN LADEN, AL QAEDA,
SUDAN, AND AFGHANISTAN,
    Defendants.

Civil Action No. 99-0125 (CKK)

FILED

AUG - 2 1999

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ORDER**

This matter is before the Court on the Plaintiffs' Motion for Service by Publication. The Motion will be granted as modified for the following reasons.

On January 15, 1999, Plaintiffs filed the above-captioned case. The April 30, 1999 Amended Complaint alleges three causes of action against Defendants Osama Bin Laden and Al Qaeda: Wrongful Death, Assault and Battery, as well as Violations of International and Kenyan Law. The Complaint invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1350, which provides that the "district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." *Id.* Defendant Bin Laden's Saudi Arabian citizenship was revoked in 1994, and he is believed to reside in Kandahar, Afghanistan; Defendant Al Qaeda is a terrorist group with its base of operations in Afghanistan. *See* Pls.' First Am. Compl. at 120. The Plaintiffs are (1) all Kenyans who were killed or injured in the August 7, 1998 bombing of the American Embassy in Nairobi, including surviving family members and estates or representatives, and (2) all businesses which



23

were damaged or which sustained loss or injury. Briefly stated, the Plaintiffs aver that Defendants

Bin Laden and Al Qaeda, by and through their agents, conspired, planned, and carried out a

vehicular bomb attack on the United States Embassy Compound in Nairobi, Kenya, killing over

200 Kenyans and injuring over 4000 Kenyans. Plaintiffs complain that in doing so, Defendants

Bin Laden and Al Qaeda wilfully, maliciously, and with a depraved indifference to life, caused to

be placed at the Nairobi Embassy and detonated, explosives sufficient to cause death, injury, and

loss. Further, Plaintiffs assert that Defendants Bin Laden and Al Qaeda violated elemental

principles of international law, and interfered with the Protection of Fundamental Rights and

Freedoms of the Individual, as set forth in Chapter V of the Constitution of Kenya.

Plaintiffs contend that service by publication is proper in this case because given the

remote location of Defendants Bin Laden and Al Qaeda, publication is the only means by which

Plaintiffs might give notice of the lawsuit. Plaintiffs seek an order from this Court permitting

service by way of publication, once a week for three weeks, in newspapers of general circulation

in the Middle East, pursuant to Fed. R. Civ. P. 4(f)(3). *See* Pls.' Mem. in Supp. of Mot. to Serve

Defs.' by Pub. at 1, 4. This Rule authorizes service of the summons and complaint upon

individuals in a foreign country "by other means not prohibited by international agreement as may

be directed by the court." Fed. R. Civ. P. 4(f)(3).

In determining means by which service should be effectuated, "an earnest effort should be

made to devise a method of communications that is consistent with due process and minimizes

offense to foreign law." Fed. R. Civ. P. 4 advisory committee's note (1993) (citing *Levin v. Ruby*

*Trading Corp.*, 248 F. Supp. 537 (S.D.N.Y.1965)). Thus, when constructive notice is given, "an

elementary and fundamental requirement of due process in any proceeding which is to be

2

accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950).

Federal courts have permitted service by publication where defendants' identity or address is unknown. In *S.E.C. v. Tome*, 833 F.2d 1086, 1093 (2nd Cir. 1987), *cert. denied*, 486 U.S. 1014 (1988), the Second Circuit held that service by publication in The International Herald Tribune was reasonably calculated to notify unidentified defendants of a suit against them because the SEC reasonably concluded that the defendants resided or conducted business in Europe, and then chose a publication likely to be read by international investors. The facts in *S.E.C.* were "distinguishable from cases where notice was published in a small regional paper or the advertisement contained nothing which would draw a party's attention to it." *Id.* For this reason, and because the defendants were likely to have been aware of the S.E.C.'s investigation into their actions, the court concluded that "notice by publication, in the circumstances surrounding this action, was reasonably calculated to apprise the interested parties of the lawsuit." *Id.* Conversely, the Supreme Court has held that service by publication does not meet the requirements of the due process clause of the Fourteenth Amendment when the defendant's name and address are reasonably ascertainable. *See Mennonite Board of Missions v. Adams*, 462 U.S. 791, 800 (1983). Under these circumstances, the Court required personal service or mailed notice in addition to service by publication. *Id.*

The facts of this case are closer to those in *S.E.C.* than *Mennonite*. Defendants Bin Laden and Al Qaeda's identities are known, like the defendants in *Mennonite*. Nevertheless, their address is not known, nor is it easily ascertainable. Plaintiffs know only that Defendants Bin

3

Laden and Al Qaeda's base is "a fortified and heavily guarded hilltop compound outside the city of Kandahar." Pls.' Mem. in Supp. of Mot. to Serve Defs.' by Pub. at 4 (quoting Pamela Constable, *Terrorist Leader 'Safe,' Afghan Hosts Declare*, The Washington Post, August 21, 1998, at A1).

The Court finds that Plaintiffs' proposed means of service is reasonably calculated to apprise Defendants Bin Laden and Al Qaeda of the lawsuit and afford them an opportunity to present their objections.   Prior to the bombing, Bin Laden published one or more "fatwas," or religious decrees, in Al-Quds Al-Arabi, a Middle Eastern newspaper. Plaintiffs propose publishing notice of their Complaint in the same newspaper. Like the defendants in *S.E.C.*, Defendants Bin Laden and Al Qaeda are likely to be aware of investigations into their activities.

Having reviewed the case law and the facts alleged in the Amended Complaint, the Court will permit service of the Complaint to be made by publication, recognizing that once served, Defendants Bin Laden and Al Qaeda may well challenge the Court's jurisdiction as well as the propriety of the means of service, should they choose to respond at all.  Plaintiffs may serve Defendants Bin Laden and Al Qaeda by publishing the attached notice for six weeks in the Daily Washington Law Reporter, The International Herald Tribune, and Al-Quds Al-Arabi (in Arabic).

**ACCORDINGLY** it is this _____/_____ day of August, 1999 hereby

**ORDERED** that the Plaintiffs' Motion for Service by Publication [#5] is **GRANTED as MODIFIED**; and it is

**FURTHER ORDERED** that the Plaintiff may effect service by publication of the attached Notice in the Daily Washington Law Reporter, The International Herald Tribune, and Al-Quds Al-Arabi (in Arabic) for six weeks.

    **SO ORDERED.**

**COLLEEN KOLLAR-KOTELLY**
United States District Judge

Copies to:

Philip M. Musolino
Musolino & Dessel
1665 L Street, NW
Suite 440
Washington, DC 20036

Meredith Manning, Esq.
US Attorney for the District of Columbia
555 4th Street, NW
Washington, DC 20001

# NOTICE

BIN LADEN, Osama (a/k/a Osama Bin Ladin, Usama Bin Laden, Usama Bin Ladin)
AL QAEDA
Kandahar, Afghanistan

Philip M. Musolino
Musolino & Dessel
1665 L Street, NW, Suite 440
Washington, DC 20036

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, CIVIL DIVISION. ODILLIA MUTAKA MWAMI, et al. V. THE UNITED STATES OF AMERICA, OSAMA BIN LADEN, AL QAEDA, SUDAN AND AFGHANISTAN, Civil Action No. 99-0125(CKK). NOTICE OF FILING OF COMPLAINT.** An order for Service by publication was issued by Judge Colleen Kollar-Kotelly on August 1, 1999. It was ordered that notice of the above-captioned action should be published once a week for six consecutive weeks in the Daily Washington Law Reporter, The International Herald Tribune and Al-Quds Al-Arabi (in Arabic). Notice is hereby served on Defendants Osama Bin Laden and Al Qaeda that on January 15, 1999, Odillia Mutaka Mwami, et al. initiated Civil Action No. 99-0125 in the United States District Court for the District of Columbia against Osama Bin Laden and Al Qaeda. Defendants are hereby summoned and required to serve upon Philip M. Musolino, Musolino & Dessel, 1665 L Street NW, Suite 440, Washington, DC 20036 an Answer to the Complaint within twenty days after service of the summons, exclusive of the day of service. If Defendants fail1 to do so, judgment by default may be taken against Defendants for the relief demanded in the Complaint. The Complaint was filed for wrongful death, assault, battery, and violations of international and Kenyan laws.