UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ODILLIA MUTAKA MWANI, *et al.*,

    Plaintiffs,

v.

USAMA BIN LADIN, *AL QAEDA*, and AFGHANISTAN,

    Defendants.

Civil Action No. 99- 125 (CKK)

**FILED** ✓

SEP 3 0 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

**MEMORANDUM OPINION**
(September 3o, 2003)

In an Order issued March 15, 2001, the Court denied Plaintiffs' Motion for Entry of Default Against Defendants Usama Bin Ladin and Al Qaeda (collectively "Defendants") without prejudice. The Court issued its ruling on the limited ground that Plaintiffs failed to establish that the Court had personal jurisdiction over Bin Ladin and Al Qaeda.[1] As such, the Court gave Plaintiffs the opportunity to further brief the issue of personal jurisdiction over Defendants. *Mwani v. Bin Ladin*, No. 99cv125, slip op. at 5 (D.D.C. March 15, 2001). Plaintiffs then filed a Renewed Motion for Entry of Default Against Defendants Usama Bin Ladin and Al Qaida ("Renewed Motion for Entry of Default"), a Response to this Court's Order Filed March 15, 2001, and three Supplemental Memoranda in support of their motion. The Court denied the Plaintiffs' motion based on Plaintiffs' failure to sustain their burden of proving that this Court has personal jurisdiction over Usama Bin Ladin and Al Qaeda. *Mwani v. Bin Ladin*, No. 99cv125 (D.D.C. Sept. 30, 2002).

---

[1] The Court uses the spelling of these Defendants as is consistent with Plaintiffs' case caption.

Now pending before the Court is Plaintiffs' Motion for Reconsideration, or to Alter or Amend Order of September 30, 2002, or in the Alternative for Certification Pursuant to F.R.Civ.P. 54(b) ("Motion for Reconsideration"). Upon examination of the motion, supplemental material, and the applicable law, the Court shall deny the motion. Plaintiffs have not presented any additional evidence proving that this Court can exercise personal jurisdiction over Defendants Bin Laden and Al Qaeda. The Court reiterates that this ruling should not be interpreted as a statement that personal jurisdiction cannot be exercised over Defendants Bin Ladin and Al Qaeda; rather, the Court is forced to conclude once again that Plaintiffs have not presented sufficient evidence to support a judicial finding of personal jurisdiction.

Motions for reconsideration are not routinely granted. As a general rule, a district court will only reverse a prior ruling if there has been an intervening change in the controlling law, if there is new evidence that has been discovered, if there is a need to correct clear error, or to prevent manifest injustice. *See, e.g., Harvey v. District of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996) (setting forth the primary reasons for reconsidering a judgment).

Plaintiffs bring their Motion for Reconsideration under Rules 59 and 60 of the Federal Rules of Civil Procedure, and their alternative request for certification under F.R.Civ.P. 54(b). Although Plaintiffs mention the rules on which their motion relies, they do not explain the basis for their reliance. The Court notes at the outset that Plaintiffs' Motion for Reconsideration was brought on October 1, 2002, the day after this Court issued its Memorandum Opinion and Order denying with prejudice Plaintiffs' Motion for Entry of Default Against Defendants Usama Bin Ladin and Al Qaeda. As such, the current Motion for Reconsideration can only properly be

brought under F.R.Civ.P. 59(e) or F.R.Civ.P. 54(b).[2]

Plaintiffs request that the Court reconsider its earlier determination because they possess "recently developed" evidentiary material that they hope to present as proof of this Court's personal jurisdiction over Defendants. Pls.' Mot. for Recons. at 2. Rule 59(e) does not afford litigants a second opportunity to present facts and theories upon which the trial court has already ruled. *See New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Rather, a party is entitled to reconsideration under Rule 59(e) "[o]nly if [it] presents new facts or a clear error of law which 'compel' a change in the court's ruling." *Id.* at 39 (*quoting Natural Res. Def. Council v. EPA*, 705 F. Supp. 698, 702 (D.D.C. 1989)).

Evidence presented in a motion to reconsider must qualify as "newly discovered," within the meaning of Rule 59(e).[3] Under Rule 59(e), if the additional evidence was in the party's possession before the judgment was rendered, the evidence is not considered newly discovered and does not entitle the party to relief. *See* United Mine Workers of Am. 1974 Pension v. Pittston Co., 984 F.2d 469, 476 (D.C. Cir. 1993). Furthermore, judgment will not be reconsidered if the new evidence before the court is merely cumulative and would not have

---

[2]Plaintiffs' filing of their Motion for Reconsideration within 10 days of the Court's judgment precludes bringing the instant motion under Rule 60(b). Following the entry of judgment in an action, a party may move to reconsider the Court's decision under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. "[A]lthough the two rules are distinct, which rule applies to a motion depends essentially on the time a motion is served. Motions served within 10 days of judgment ordinarily will fall under Rule 59(e), while motions served later fall under Rule 60(b)." *Campbell v. Bartlett*, 975 F.2d 1569, 1580 n.15 (10th Cir. 1992) (internal citation and quotation marks omitted).

[3]The same standard applies to motions brought on the basis of newly discovered evidence whether they are made under Rule 59 or Rule 60(b)(2). 11 Wright & Miller's Federal Practice and Procedure § 2808 (2d ed. 1995). *See also U.S. Fid. & Guar. Co. v. Lawrenson*, 334 F.2d 464 (4th Cir. 1964); *Ziggity Sys., Inc. v. Val Watering Sys.*, 769 F. Supp. 752 (E.D. PA 1990).

changed the result. *See* Ramsay v. Curtis, 182 F.2d 687 (D.C. Cir. 1953); *see also* 11 Wright & Miller's Federal Practice and Procedure § 2859 (2d ed. 1995).

Here, Plaintiffs present evidence that was not before the Court when it ruled on Plaintiffs' Renewed Motion for Entry of Default. However, this evidence fails to qualify as newly discovered evidence under Rule 59(e). Furthermore, even if the additional evidence were to be considered newly discovered, it would not change the Court's earlier ruling on personal jurisdiction.

Plaintiffs rely on three pieces of evidence that were not presented to this Court before its judgment was rendered. First, a 2002 Joint Inquiry Staff Statement, issued by the Senate Select Committee on Intelligence and the House Permanent Select Committee on Intelligence ("Staff Statement")[4]; second, *The Cell: Inside the 9/11 Plot, and Why the FBI and the CIA Failed to Stop It*, (Hyperion Press 2002) by John Miller; and third, *Breakdown: How America's Intelligence Failures Led to September 11*, (Regnery 2002), by Bill Gertz.

Fatal to the Plaintiffs' Motion for Reconsideration is their acknowledgment that they were in possession of these materials at the time the Court issued its judgment on their Renewed Motion for Entry of Default. *See* Pls.' Mem.of P. & A. in Supp. of Pls' Mot. for Recons. at 1 (stating that the additional evidence was being prepared as a fourth supplemental filing to the Renewed Motion for Entry of Default, initially intended for submission on the same day the Court issued its judgment). Despite Plaintiffs' contention that this evidence was "recently developed," the evidence is clearly not newly discovered under Rule 59(e), because it was in the

---

[4]The Forward to this document notes that all information contained therein "has been cleared for public release." Staff Statement at 2.

possession of the parties before the Court's judgment was issued. *See United Mine Workers*, 984 F.2d at 476.

Furthermore, the Court will not reconsider its judgment if the new evidence is merely cumulative and would not have changed the result. *See Curtis*, 182 F.2d at 687; *see also* 11 Wright & Miller, § 2859. The Court again recognizes that Plaintiffs, whether as survivors, relatives or business owners, suffered unimaginable harm as a result of the horrific bombing at the embassy. Nonetheless, Plaintiffs' Motion for Reconsideration is merely an attempt to provide the Court with more evidence of the same kind provided in Plaintiffs' many prior supplemental filings. Such evidence would not change the result of the Court's earlier ruling; therefore, Plaintiffs' motion fails under both Rule 54(b) and Rule 59(e). The Court rejected Plaintiffs' previous evidence because it was "hastily cobbled" together, and "littered with evidentiary difficulties," and because it failed to show that Bin Ladin and Al Qaeda "purposefully directed" their activities at the United States, and that this litigation results from alleged injuries that arise out of or relate to those activities. *Mwani v. Bin Ladin*, No. 99cv125 (D.D.C. Sept. 30, 2002) at 14. The Plaintiffs have again given the Court no appropriate evidence that would change this ruling. This is the very essence of "cumulative," and as such, the Court will deny the Plaintiffs' Motion for Reconsideration.

An appropriate order accompanies this opinion.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Copy to:

Philip M. Musolino
Musolino & Dessel
1615 L Street, NW, Suite 440
Washington, DC 20036