UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ODILLA MUTAK MWANI, *et al.*,

    Plaintiffs,

        v.                                Civil Action No. 99-125 (JMF)

USAMA BIN LADEN and AL QAEDA,

    Defendants.

## MEMORANDUM OPINION

This case was referred to me for all purposes. The death of Usama Ben Laden requires, however, that the Court first consider who may continue as a party defendant

## BACKGROUND

On December 9, 2011, plaintiffs notified the Court of Bin Laden's death on May 1, 2011. Notice and Suggestion of Death [#106]. On December 20, 2013, the Court instructed plaintiffs "to show cause and provide additional briefing to explain why this court should not dismiss Usama Bin Laden and Al Qaeda as defendants." Order to Show Cause [#114] at 1. Specifically, plaintiffs were directed to address the following issues:

    1.    Why Usama Bin Laden should not be dismissed as a defendant;
    2.    Whether plaintiffs' claims against Usama Bin Laden survived his death;
    3.    What steps plaintiffs have taken to find a substitute party for Usama Bin Laden under Federal Rule of Civil Procedure 25(a)(1) and whether they have identified an individual to be substituted as a defendant; and
    4.    Whether Al Qaeda has the capacity to be sued under Federal Rule of Civil Procedure 17(b)(3), or any other Rule, including:
        a.    What Al Qaeda's legal status is;
        b.    Whether it has the capacity to be sued under the laws of the District of Columbia;

|   | c. | Whether this lawsuit seeks to "enforce a substantive right existing under the United States Constitution or laws"; and |
|---|---|---|
|   | d. | Whether a cause of action arising under federal common law satisfies this standard. |

Id. at 4.

## DISCUSSION

I. <u>Bin Laden</u>

    A.    <u>Legal Standard</u>

Under the Federal Rules of Civil Procedure, "[a] motion for substitution *may be made* by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a) (emphasis added). However, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must be* dismissed." Id. (emphasis added). According to the Advisory Committee notes for Rule 25(a), "[t]he amended rule establishes a time limit for the motion to substitute based not upon the time of the death, but rather upon the time information of the death is provided by means of a suggestion of death upon the record, i.e. service of a statement of the fact of the death." In other words, "[t]he motion may not be made later than 90 days after the service of the statement unless the period is extended pursuant to Rule 6(b), as amended." Id. Thus, the Advisory Committee concluded that "[p]resent Rule 25(a)(1), together with present Rule 6(b), results in an inflexible requirement that an action be dismissed as to a deceased party if substitution is not carried out within a fixed period measured from the time of the death." Id.

    B.    <u>Analysis</u>

Plaintiffs argue "the obligation to substitute is triggered only after notice of the pendency of the action in the form of a proper suggestion of death is received by the prospective

substituted party." Plaintiffs' Response to December 20, 2013 Order to Show Cause [#117] at 3. In other words, plaintiffs contend that "dismissal under Rule 25(a) can only take place on a finding that a party appropriate for substitution has been identified and has been notified but has neither been substituted nor proposed for substitution." Id. Plaintiffs fail, however, to cite any portion of the Rule itself or cases interpreting it that would permit them an unlimited amount of time to effect the substitution of a deceased party by the identification and notification of a party appropriate for substitution. Nor can it be correct under that Rule that plaintiffs get an indefinite postponement of dismissal ending only when they identify the substituted party. That would render the deadline set by Rule 25(a) nugatory.

Under the Federal Rules, plaintiffs' motion for substitution under Rule 25(a) should have been filed no later than 90 days following the December 9, 2011 filing of the notice of Bin Laden's death. Alternatively, plaintiffs should have moved for an extension of time pursuant to Rule 6(b). Plaintiffs failed to do either. Therefore, the action against Bin Laden must be dismissed.

II.     Al Qaeda

Plaintiffs argue that their claims against Al Qaeda survive. [#117] at 4-5. First, plaintiffs point to the Court of Appeals' description of Al Qaeda as a "terrorist organization." Id. at 4 n.4 (quoting Mwani v. bin Laden, 417 F.3d 1, 17 (D.C. Cir. 2005)). Plaintiffs then note that in 1998, President Bill Clinton designated "Al Qaida" a "foreign terrorist." Id. (citing Executive Orders 12947 and 13099. Finally, plaintiffs argue that consideration of Al Qaeda's legal status is unnecessary at this juncture:

> It is both unlikely and unnecessary that al Qaeda voluntarily
> undertook to adopt a conventional commercial structure or
> otherwise took steps to formalize its legal status. As is discussed
> herein with respect to Rule 17, the existence of such a legal status

> is unnecessary to the entry of a judgment in this case. Moreover, it is worth noting that neither the Court of Appeals in *Mwani*, supra, nor the district court, which undertook a ". . . more searching merits-based inquiry . . ." before entering a default against both defendants, September 28, 2006 Opinion, at 4, ECF 81, found the legal status of al Qaeda to be an impediment either to a finding of personal jurisdiction or the entry of a default.

[#117] at 4 n.4.

The Court agrees that the claims against Al Qaeda survive, but for reasons ultimately having nothing to do with Rule 17, the issue the Court directed plaintiffs to brief.

In 2005, the court of appeals concluded that service had been effected against Al Qaeda and that the exercise of jurisdiction over it was constitutional and consistent with the due process clause of the Constitution. Mwani, 417 F.3d at 11-15. On September 28, 2006, Judge Kollar-Kotelly granted plaintiffs' motion for a default judgment against Bin Laden and Al Qaeda, based on a finding that the Court had both subject matter and personal jurisdiction over defendants. In light of the court of appeals' holding and the Court's previous entry of a default judgment, this Court will not re-evaluate the issue of its jurisdiction over Al Qaeda, nor will it consider the distinct issue of Al Qaeda's capacity to be sued under Rule 17.[1] Instead, this Court will proceed with the issuance of its Findings of Fact and Conclusions of Law, leaving for another day the resolution of any challenge to this Court's proceeding against Al Qaeda—to include collateral attack on any judgment this Court will render[2]—on the grounds that it lacked the capacity to be sued.

---

[1] Al Qaeda's capacity to be sued or legal status is a separate and distinct issue from this Court's exercise of subject matter or personal jurisdiction over it. See Day v. Avery, 548 F.2d 1018, 1023 (D.C. Cir. 1976) ("We note initially that the fact of personal jurisdiction does not ineluctably bestow legal capacity to be sued; infants and incompetents, for instance, were at common law incapacitated from suing or being sued, and the fact that they were subject to personal jurisdiction did not alter the necessity of appointing a guardian ad litem.").

[2] Cf. Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 706 (1982) ("A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding.") (citation omitted).

## CONCLUSION

For the reasons state herein, it is therefore, hereby,

**ORDERED** that Usama Bin Laden be dismissed as a defendant in this action.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE